332 P.2d 1019

**STATE HIGHWAY COMMISSION of New Mexico, and L. D. Wilson, Chief Highway Engineer, Plaintiffs-Appellants,**

v.

**The RUIDOSO TELEPHONE COMPANY (No Stockholders Liability), a New Mexico Corporation, Defendant-Appellee.**

No. 6426.

Supreme Court of New Mexico.

Nov. 14, 1958.

Rehearing Denied Dec. 30, 1958.

Fred M. Standley, Atty. Gen., Robert F. Pyatt, Asst. Atty. Gen., John T. Watson Charles C. Spann, Robert E. Fox, Sp. Asst. Attys. Gen., Moise, Sutin & Jones, Albuquerque, for appellants.

Bigbee & Stephenson, Santa Fe, for appellee.

Nordhaus & Moses, Albuquerque, Hartley, Buzzard & Patton, Clovis, Frank L. Horan, Malcolm W. deVesty, Paul F. Henderson, Jr., Thomas N. Keltner, Albuquerque, amici curiae.

SHILLINGLAW, Justice.

This is a declaratory judgment action brought by the State Highway Commission of New Mexico and its Chief Highway Engineer against the Ruidoso Telephone Company to determine the constitutionality of Chapter 237 of the Laws of 1957, § 55–7–18, N.M.S.A.1953, and the obligation of the State Highway Commission, if any, to reimburse the defendant for the cost of relocating its utility lines required because of the widening and improving of a state highway.

The plaintiffs have refused to reimburse the defendant, contending that such reimbursement would be repugnant to the Constitution of the State of New Mexico, payments violating:

1) Article IX, § 14 which prohibits a donation of state funds in aid of a private corporation;

2) Article IV, § 32 which prohibits the release of an existing obligation;

3) Article IV, §§ 16 and 30 since the Act does not specify the sum appropriated and leaves the extent of the appropriation and the payment thereof to be determined by the Bureau of Public Roads; and

4) Article IV, § 18 because the Act extends the provisions of the Federal-Aid Highway Act of 1956, 23 U.S.C.A. § 151 et seq. by reference to its title only.

The cause was heard below before the Hon. David W. Carmody who found that the Act did not violate any of the constitutional provisions mentioned and from such adverse judgment the plaintiff Highway Commission has appealed to this court.

In the case of State Highway Commission v. Southern Union Gas Company, 65 N.M. 84, 332 P.2d 1007, we held that subsections B and D of § 1 of this Act were repugnant to Art. IX, § 14 of the Constitution of New Mexico which prohibits a donation of state funds in aid of a private corporation. For the reasons more fully set out in that opinion, the judgment of the lower court is reversed and the cause is remanded with instructions to enter a judgment declaring that the appellant State Highway Commission is under no obligation to reimburse the Ruidoso Telephone Company for relocation of utility facilities as contemplated by Chapter 237 of the Laws of 1957.

It is so ordered.

McGHEE and COMPTON, JJ., and J. V. GALLEGOS, D. J., concur.

LUJAN, C. J., not participating.

SADLER, J., not participating because of illness.

### Order Denying Motion for Rehearing

PER CURIAM.

This cause coming on before the court on motion of appellee for rehearing, Justice McGhee, Justice Compton, Justice Shillinglaw, and District Judge Gallegos sitting, and the court having considered said motion and briefs of counsel, and being sufficiently advised in the premises; it is ordered that said motion be, and the same is hereby denied.

However, to clarify one point raised in said motion—it was contended below by appellee Ruidoso Telephone Company that certain of its poles which were ordered relocated as a part of the highway project were located outside of the original highway right-of-way on property to which appellee held a prescriptive easement. The lower court having made no distinction between the obligation of the State Highway Commission as to facilities on the highway right-of-way and those located outside of the right-of-way on the alleged easement, and it not having determined whether the appellee had such an easement, this opinion is not to be construed as deciding the

rights of appellee to damages for forced removal of any of its facilities located without the highway right-of-way and upon premises to which appellee holds a prescriptive easement.